UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | FILED: AUGUST 20, 2008 |
| | ) | 08CV4733 |
| Plaintiff, | ) | JUDGE DER-YEGHIAYAN |
| | ) | MAGISTRATE JUDGE MASON |
| v. | ) | |
| | ) | |
| KEYNAN R. HARDEN, | ) | TC |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## COMPLAINT

The United States of America, by Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, brings this action for triple damages and civil penalties under the False Claims Act, 31 U.S.C. § 3729, *et seq.* or, in the alternative, for repayment under theories of payment by mistake and unjust enrichment.

### Jurisdiction and Venue

1.     This court has jurisdiction over this matter pursuant to 31 U.S.C. § 3730(a) and 28 U.S.C. § 1345.

2.     Venue is proper in the Northern District of Illinois pursuant to 31 U.S.C. § 3732(a), 28 U.S.C. § 1391(b), and  28 U.S.C. § 1395(a).

### Parties

3.     The plaintiff is the United States of America on behalf of the United States Railroad Retirement Board ("RRB").

4.      Defendant Keynan R. Harden is a domiciliary of the State of Illinois and resides at 514 Nathan Road, University Park, Illinois 60466.

**Factual Background**

5.      The Railroad Unemployment Insurance Act, as amended (45 U.S.C. § 351 *et seq.*), provides federal benefits for unemployed railroad workers and is administered by the RRB.

6.      To qualify for these federal benefits, unemployed railroad workers who meet the income and resource requirements of the program must disclose to the RRB any employment and income which might affect the claimant's entitlement to benefits.  Benefits cannot be claimed or paid for any date which the claimant worked, accrued or received compensation from any employer, including non-railroad employers.

7.      Keynan R. Harden was employed by BNSF Railroad, as a engineer and was dismissed on or around October 27, 2006.   Defendant's railroad service enabled him to be eligible to collect RRB unemployment insurance benefits during his period of unemployment.

8.      On or about November 17, 2006, defendant submitted RRB Form UI-1, "Application for Unemployment Benefits and Employment Service," to the RRB in Chicago, Illinois, and was given a copy of RRB Booklet UB-10, "Unemployment Benefit Handbook For Railroad Employees," which describes the rules and reporting requirements of collecting unemployment insurance benefits.

9.      On the application submitted on or about November 17, 2006, defendant stated:  "I certify that the information I have provided on this form is true, correct and complete.  I know that I must immediately report to the Railroad Retirement Board any changes which might affect my entitlement to benefits.  I understand that disqualifications and civil and criminal penalties may be

2

imposed on me for false or fraudulent statements or claims or for withholding information to get benefits.   I understand and agree to the requirements set forth in Booklet UB-10."

10.    RRB Booklet UB-10 stated, in part:

TO RECEIVE UNEMPLOYMENT BENEFITS YOU MUST

- be unemployed and receive no wages, salary, pay for time lost, vacation pay, holiday pay, railroad guarantee pay, or other remuneration for the days you claim benefits.   Under certain conditions, part-time work does not affect entitlement to benefits. However, you must report all full-time and part-time work you perform to the Railroad Retirement Board (RRB) on each claim for benefits you file.  The RRB will then determine whether your pay is "subsidiary remuneration" and whether benefits are payable for days on which you worked part-time.

11.    RRB Booklet UB-10 further warned: "You will be disqualified for both unemployment and sickness benefits for 75 days if you make a false or fraudulent statement or claim in order to receive benefits."

12.    To facilitate and support his claims for unemployment benefits, defendant was interviewed by a  representative from the RRB on December 15, 2006.   Defendant signed RRB Form UI-35, "Field Office Record of Claimant Interview," falsely certifying that he was not employed and that he had no income.   Defendant also signed RRB Form UI-35c, "Claimant's Certification and Authorization Under the Railroad Unemployment Insurance Act," certifying that he understood that in order to receive unemployment benefits he must be unemployed and that he must report any kind of railroad or non-railroad employment.

13.    In order to receive unemployment benefits, an applicant must submit RRB Form UI-3, "Claim For Unemployment Benefits," every fourteen days.

3

14.    For the unemployment insurance claim period beginning November 24, 2006, through unemployment insurance claim period beginning April 27, 2007, defendant submitted twelve (12) fraudulent "Claim for Unemployment Benefits" forms to the RRB in Chicago, Illinois.  On each claim form, defendant certified that he had not worked for a non-railroad employer since his last day of railroad work.  Defendant further acknowledged:  "I certify that I have read Booklet UB-10 and understand it.  I know that disqualifications and civil and criminal penalties may be imposed on me for false or fraudulent statements or claims or withholding information to get benefits.  The information given on this form is true, correct and complete."

15.    Defendant began employment with Dedicated Logistics, Inc. on November 27, 2006, through July 6, 2007.  Defendant knew he was employed, and he continued to submit claims for unemployment benefits.

16.    In seeking and receiving unemployment insurance benefits, defendant concealed material facts, to wit, his non-railroad employment and his earnings therefrom, when he knew or should have known that this employment was material to the RRB.

17.    But for defendant's false statements and claims, he would not have received unemployment insurance benefits from on or about November 27, 2006, through on or about May 30, 2007.

18.    As a result of defendant's actions, the United States has been damaged in the amount of $5,073.

## Count I

## False Claims Act — False Claims

19.     Plaintiff repeats and realleges each allegation set forth above in paragraphs 1 through 18 as if set forth fully herein.

20.     By virtue of the acts described above, in 2006 and 2007, the defendant knowingly presented, or caused others to present, to an officer, employee or agent of the United States false or fraudulent claims to obtain payment or approval in violation of the False Claims Act, 31 U.S.C. §§ 3729-3733.

21.     As used in this count, the term "knowingly" means that a person, with respect to information, (a) has actual knowledge of the information; (b) acts in deliberate ignorance of the truth or falsity of the information; or (c) acts in reckless disregard of the truth or falsity of the information.

22.     Plaintiff paid the false or fraudulent claims because of the acts of the defendant and, as a result, the United States has incurred actual damages in the amount of $5,073, exclusive of interest and costs.

23.     Pursuant to the False Claims Act, 31 U.S.C. § 3729(a)(1), as amended, the defendant may be liable to the United States under the treble damage and civil penalty provision of the False Claims Act for a civil penalty of not less than $5,500 and not more than $11,000 for each of the false or fraudulent claims herein, plus three (3) times the amount of damages which the United States has sustained because of the defendant's action.

## Count II

## Payment By Mistake

24.     Plaintiff repeats and realleges each allegation set forth above in paragraphs 1 through 18 as if set forth fully herein.

25. Plaintiff made payments on the claims submitted by the defendant under the erroneous belief that the claims for payment were based upon representations which were factually accurate and which represented actual dates of unemployment.

26. Plaintiff's erroneous belief was material to the payments made by plaintiff to the defendant.

27. Because of these mistakes of fact, the defendant has received monies to which he is not entitled.

28. By reason of the overpayments described above, plaintiff is entitled to damages in the amount of at least $5,073.

## Count III

### Unjust Enrichment

29. Plaintiff repeats and realleges each allegation set forth above in paragraphs 1 through 18 as if set forth fully herein.

30. Because of the defendant's conduct, the defendant has been unjustly enriched with federal monies which in good conscience he should not be allowed to retain.

31. The defendant has been unjustly enriched to the detriment of the United States in the amount of $5,073.

### Claim For Relief

WHEREFORE, the United States demands judgment against the defendant as follows:

(a)    on Count I (False Claims), judgment against the defendant for treble the government's single damages of $5,073;

(b)      on Count II (Payment by Mistake), judgment against the defendant for single damages, pre- and post-judgment interest, and any such further relief as the court deems appropriate; and

(c)      on Count III (Unjust Enrichment), judgment against the defendant for single damages, pre- and post-judgment interest, and any such further relief as the court deems appropriate.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ Pierre Talbert
   PIERRE TALBERT
   Assistant United States Attorney
   219 South Dearborn Street
   Chicago, Illinois  60604
   (312) 353-4088
   pierre.talbert@usdoj.gov